J. E. PARKS, Plaintiff, v. J. K. JOHNSON, Judge,.
Defendant.

Evidence: ADMISSIONS: COMPETENCY IN CONTEMPT PROCEEDINGS. The
admissions of a judgment debtor concerning the control of a saloon,
made in proceedings supplemental to execution before a referee, are
competent evidence against him in proceedings for contempt for the
violation of an injunction against the maintenance of a liquor nui-
sance on said saloon premises. The provisions of section 3138 of the
Code that, the answers of the debtor in such supplemental proceeding
shall not be used as evidence against him in a prosecution for fraud,.
are not applicable to proceedings for contempt.

*Certiorari to Mahaska District Court.*—HON. J. K..
JOHNSON, Judge.

THURSDAY, OCTOBER 20, 1892.

CERTIORARI,to the defendant, as judge of the sixth.
judicial district of Iowa, to test the validity of a judg-
ment for contempt against the plaintiff in this pro--
ceeding.—*Affirmed.*

*Liston McMillen*, for plaintiff.

*Byron W. Preston*, for defendant.

GRANGER, J.—The only questions presented by the
record are as to errors in the admission of evidence,
and the sufficiency of the evidence to sustain the judg--
ment.
    The plaintiff in the suit was a witness before one
E. H. Waring, as a referee, in a proceeding supple-
mental to execution, wherein it was sought to discover
property of the plaintiff as a judgment debtor. As a.
witness in that proceeding, he gave evidence as to the
control of the saloon building involved in the injunc-

tion case in which he was enjoined. In the contempt proceeding his statements, as a witness before the referee, were used against him as admissions. There is no question of the materiality of the testimony, but it is said that the answers could not be used against him under the provisions of Code, section 3138. The latter part of the section is as follows: "All examinations and answers under this chapter shall be on oath, and no person shall, on such examination, be excused from answering any question on the ground that his examination will tend to convict him of a fraud, but his answers shall not be used as evidence against him in a prosecution for such fraud." The argument is "that the word 'fraud' is synonymous with the phrase 'criminal offense,' for the reason that the phrase in this section, 'convict him of a fraud,' must mean conviction of a criminal offense, as the word 'convict' is only applicable to some crime." If it should be conceded that the word "fraud" would have application to some criminal offense, it would not avail the plaintiff, because we cannot hold that the word was used for "criminal offenses" generally. It is never so used. It would be an unnatural use of the word. The contempt proceeding in no manner involved the question of fraud, and nothing in the section rendered the testimony incompetent.

It is said that, under the statute, the defendant in a criminal case cannot be called as a witness by the state, nor can he be compelled to answer when the answers would tend to render him criminally liable, etc. He was not called as a witness by the state, nor was he compelled to answer as a witness in the contempt proceeding. The rule is familiar that, in a criminal case, even the acts and declarations of the defendant may be used against him. Nothing more was done in this case. The answers used in evidence had been given in another proceeding, and were already public, and as available

to render him criminally liable as they were after being used in the contempt proceeding. The statutes cited are without application.

As to the point that the judgment is contrary to the evidence, we have examined it, and we think the judgment is fully sustained. We discover no illegality in the proceedings of the district court, and its judgment is AFFIRMED.